IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
WESTERN DIVISION

UNITED STATES OF AMERICA                      CASE NO. 3:16-CR-42

    Plaintiff

-vs-                                          JUDGE THOMAS M. ROSE

ANTHONY THOMAS

    Defendant

---

ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 36)

---

    This matter comes before the Court on Defendant's Motion to Terminate Supervised Release (Doc. 36) filed February 21, 2020.

    On March 15, 2017, the Court sentenced Defendant to 60 months imprisonment. On September 8, 2017 his sentence was reduced to 24 months. In addition, the Court sentenced Defendant to four (4) years of supervised release. On October 9, 2018 Defendant was released from BOP custody and began his four (4) years of supervised release. Defendant now seeks early termination of his term of supervised release pursuant to 18 U.S.C. Section 3583(e)(1). The Probation Department does not endorse the Defendant's Motion.

    Pursuant to 18 U.S.C. 3583(e)(1), the Court may, after considering certain factors set forth in Section 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court is satisfied that termination is "warranted by the conduct of the defendant" and "in the interest of justice". In making this determination, the statute directs the Court to consider many of the same factors that it previously considered in imposing the initial sentence, including: the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, protection of the public, the need to avoid unwarranted disparities, the need to provide the defendant with training, medical care, or other treatment, the applicable sentencing range and policy statements from the U.S. Sentencing Commission and restitution. 18 U.S.C. Section 3553 (a)(1) through (a)(7). "Early termination of

supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior" *United States. v Atkin*, 38 Fed. Appx. 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F3d 32, 35 (2nd Cir. 1997)).

In this case, Defendant plead guilty to a very serious charge. Now in support of his request for early termination, Defendant notes that he has complied with his terms of supervision, has no further criminal history and has paid his financial obligations. Although his conduct during supervision is commendable, Defendant has done what is expected of any person on supervised release. Compliance with supervised release conditions does not constitute "exceptionally good behavior" or other changed circumstances warranting early termination. See *United States v. McKay* 352, F. Supp. 2d 359, 361 (E.D.N.Y. 2005) ("Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination".)

Therefore, it is hereby ordered that Defendant's Motion for Early Termination of Supervised Release (Doc. 36) is DENIED.

IT IS SO ORDERED.

February 25, 2020                    *s/Thomas M. Rose

_____

JUDGE THOMAS M. ROSE